[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11403
Non-Argument Calendar

_____

D.C. Docket No. 4:18-cr-00040-MW-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICHOLAS HUGHES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 26, 2019)

Before WILSON, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Section 2251(a) of Title 18 to the U.S. Code makes it a crime for any person to employ, use, persuade, induce, entice, or coerce any minor to engage in any sexually explicit conduct "for the purpose of producing any visual depiction of such conduct."  Nicolas Hughes, formerly a music teacher and soccer coach at a charter school, was convicted of violating § 2251(a) based on sexual contact he had with a 14-year-old student at the school.[1]  Hughes argues that the District Court erred in giving the following instruction: "While the Government must prove that a purpose of the sexually explicit conduct was to produce a visual depiction, it need not be the Defendant's only dominant purpose."  He also argues that the District Court erred by rejecting his proposed jury instruction.  He proposed that the Government must prove that "one of the dominant motives" of the sexual activity was to produce a visual depiction.  Because we conclude that this case is governed by *Lebowitz*[2] and *Miller*,[3] we dismiss Hughes's appeal.

We review the legal correctness of a district court's jury instructions *de novo* and the court's phrasing for abuse of discretion.  *United States v. Seabrooks*, 839 F.3d 1326, 1332 (11th Cir. 2016).  A district court has broad discretion to

---

[1] Hughes and the student exchanged nude images and pornographic videos and Hughes filmed and took pictures of himself and the student engaged in sexual acts at the school.
    Hughes was also convicted of enticement of a minor to engage in sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b) and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  He does not appeal those convictions.
[2] *United States v. Lebowitz*, 676 F.3d 1000 (11th Cir. 2012).
[3] *United States v. Miller*, 819 F.3d 1314 (11th Cir. 2016).

2

formulate jury instructions provided the instructions are correct statements of the law. *Lebowitz*, 676 F.3d at 1014. The district court reversibly errs when its instructions give rise to a substantial and eradicable doubt as to whether the jury was properly guided in its deliberations. *Id.* An instruction that tracks the text of the relevant statute "will almost always convey the statute's requirements." *Id.*

A district court's rejection of a proposed jury instruction is reviewed for abuse of discretion. *Id.* We will reverse a district court's decision to refuse a requested jury instruction only when three requirements are met: "(1) the requested instruction was substantively correct, (2) the court's charge to the jury did not cover the gist of the instruction, and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." *Id.* (quoting *United States v. Culver*, 598 F.3d 740, 751 (11th Cir. 2010)).

The District Court did not abuse its discretion in giving the Government's proposed instruction. The instruction was a correct statement of the law. The use of the indefinite article "the" in § 2251(a) does not require that the "single-minded" purpose of the sexual activity be the production of a visual depiction. *Id.*; *Miller*, 819 F.3d at 1316. In *Miller*, for example, we upheld the trial court's instruction, which said that the Government had to prove that making the photographs was "a purpose" of enticing the minor. 819 F.3d at 1316. The Government is "not required to prove that making explicit photographs was [the defendant's] sole or

primary purpose for enticing the minor to engage in sexually explicit conduct." *Id.*

It is sufficient to show that it is "a purpose." *Id.* There is no doubt that the jury

was properly guided in its deliberations of Hughes's charge.

The District Court also did not err by denying Hughes's requested

instruction. As explained above, there is no dominant-motive requirement in

§ 2251(a). Hughes argues that, under Mann Act[4] precedent, the Government must

show that the production of the visual depiction was the "efficient and compelling

purpose" of the sexual activity. We considered—and rejected—the same argument

in *Lebowitz*, finding that such a requested instruction is a "substantively incorrect"

statement of the law. 676 F.3d at 1014–15. As we explained, the Mann Act deals

with crimes that are unrelated to the production of child pornography. *Id.* at 1014.

And, even if Mann Act precedent applies to § 2251(a) cases, refusal to give a

dominant-motive instruction would not be an error because our precedent

recognizes that "dual purposes are sufficient for a conviction, and [courts] 'need

not concern [them]selves' with whether the illegal purpose was dominant over

other purposes." *Id.* (quoting *Forrester*, 363 F.3d at 352).

---

[4] The Mann Act prohibits the transportation of women in interstate commerce for the purpose of prostitution or other immoral purposes. 18 U.S.C. §§ 2421–2424. We have held that although immoral practices need not be the "sole and single purpose" of the transportation, it must be "an efficient and compelling purpose." *Forrest v. United States*, 363 F.2d 348, 349–50 (5th Cir. 1966); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all Fifth Circuit decisions issued before October 1, 1981).

Furthermore, Hughes was not impaired in his ability to present an effective defense.  Arguing that the visual depictions were incidental to a consensual romantic relationship with a minor is not a viable defense to a charge under § 2251(a).  *Miller*, 819 F.3d at 1316.  The Government did not need to prove that Hughes enticed the sexual activity for the "sole or primary purpose" of producing a visual depiction. *Id.*  Hughes "is no less a child pornographer simply because he is also a pedophile." *United States v. Sirois*, 87 F.3d 34, 39 (2d Cir. 1996).

The District Court did not abuse its discretion by rejecting Hughes's proposed jury instruction nor by giving the special instruction.  According to *Lebowitz* and *Miller*, the instruction requested by Hughes was not substantively correct and the instruction that the court gave conveyed the accurate legal standard.  Hughes was still able to present evidence that the production of the visual depictions was not "a purpose" of the sexual activity.  Moreover, according to *Miller*, the defense Hughes claims that he was inhibited from using was not a viable defense.

**AFFIRMED.**