[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12257

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DONOVAN E. WHIDDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cr-00104-MCR-1

_____

Before GRANT, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Donovan Whidden appeals his 192-month sentence for receipt or attempted receipt of child pornography. In particular, he argues that the district court erred by overruling his objection to application of the recidivist sentencing enhancement for a prior state-law conviction. We disagree and affirm.

**I.**

In September 2023, the Pensacola Police Department received a pair of cyber tips from the National Center for Missing and Exploited Children. An investigation led them to Donovan Whidden, a registered sex offender who had pleaded guilty to promoting sexual performance by a child in 2022. *See* Fla. Stat. § 827.071(3). After obtaining several search warrants, the police determined that Whidden had indeed received child pornography in violation of 18 U.S.C. § 2252A(a)(2). Subsequent searches of Whidden's devices and online accounts revealed a veritable trove of child pornography, as well as hundreds of "computer-generated imagery/animation of child exploitive material[s]."

A grand jury indicted Whidden for (1) knowingly receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), and (2) knowingly possessing and accessing with intent to view child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Whidden pleaded guilty to the first count in the indictment, and the government agreed to dismiss the second. The

agreement stipulated that Whidden faced "at least a mandatory minimum term of five years up to twenty years' imprisonment." But if Whidden's prior state conviction "qualifie[d] for enhancement purposes," he confronted "a mandatory minimum term of fifteen years up to forty years' imprisonment." In a signed factual basis, Whidden acknowledged his 2022 conviction for promoting sexual performance by a child, for which he received five years' state-supervised probation. *See id.*

The Probation Office prepared a presentence investigation report. After applying the relevant enhancements, Probation calculated Whidden's criminal-history category as I and his total offense level as 37.[1] It recommended that the district court find Whidden's conviction for violating Fla. Stat. § 827.071(3) subjected him to a mandatory minimum 180-month sentence under the recidivist sentencing enhancement, 18 U.S.C. § 2252A(b)(1). If the enhancement applied, Whidden's Guidelines range was 180 to 188 months' imprisonment. If not, the range was 151 to 188 months' imprisonment.

Whidden filed several written objections to the draft report. As relevant here, Whidden objected to the application of the recidivist sentencing enhancement for his prior state conviction. Whidden said the categorical approach governed, so the district court had to compare § 827.071(3)'s elements to the "statutorily

---

[1] Shortly before sentencing, the government agreed to apply a lesser enhancement under U.S.S.G. § 2G2.2(b)(3)(F), reducing Whidden's offense level to 34.

defined elements of its federal analogue – receiving or distributing child pornography, 18 U.S.C. § 2252A(a)(2)." And because the Florida statute criminalized "the sharing or distributing of an image of a hand on the clothed buttocks or clothed breast of a female under 18"—which its federal counterpart did not—it was overbroad and thus could not be a qualifying predicate offense for purposes of the sentencing enhancement.

The district court disagreed, overruled Whidden's objections, and applied the enhancement. After reviewing the parties' submissions and the relevant caselaw, the court determined that this Court's decision in *United States v. Kushmaul* "controll[ed.]" 984 F.3d 1359 (11th Cir. 2021). Acknowledging that *Kushmaul* was decided under plain-error review, the district court explained that the decision was "probably the most robust analysis that [it had] ever seen written on a plain error review." And even setting *Kushmaul* aside, the court determined that other precedents from this Circuit governed Whidden's case. Finally, the district court noted that our interpretation "of the language in [18 U.S.C. §] 2252A(b)(1) and (b)(2) that the prior convictions [] don't require any physical touching" meant the Florida statute was not broader than its federal counterpart. The court therefore overruled Whidden's objection and determined that the "180-month mandatory minimum does apply." It sentenced him to 192 months' imprisonment, followed by 10 years' supervised release.

This appeal followed.

## II.

We review a district court's determination that a prior conviction triggers a statutory sentencing enhancement de novo. *United States v. Miller*, 819 F.3d 1314, 1316 (11th Cir. 2016).

## III.

Defendants convicted of violating 18 U.S.C. § 2252A(a)(2) face a 180-month mandatory-minimum sentence if they have a "prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(1). To determine whether a state conviction qualifies as a predicate offense for purposes of this enhancement, we apply the now familiar categorical approach. *See Kushmaul*, 984 F.3d at 1364. Looking "only to the elements of the statute under which the defendant was convicted," courts applying a categorical analysis "compare the elements of the statute to the generic offenses mentioned in the federal sentencing enhancement statutes." *Id.* If those generic offenses are "non-traditional"—that is, crimes undeveloped at common law—we define them based on "their ordinary, contemporary, and common meaning." *Id.* (quotation omitted).

This Court has interpreted "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor or ward" as non-traditional generic offenses and thus used their common meanings. *Id.* at 1365. But common meanings need not be identical to federal crimes. *See, e.g.*, *Miller*, 819 F.3d at 1317.

Finally, we presume that the defendant's prior conviction "rested upon nothing more than the least of the acts criminalized or the least culpable conduct." *Kushmaul*, 984 F.3d at 1364 (quotation omitted).

On appeal, Whidden argues that his prior state conviction does not trigger § 2252A(b)(1)'s 15-year mandatory minimum. That is so, he says, because Fla. Stat. § 827.071(3) is "overbroad" and "categorically overinclusive" whether defined generically or by reference to a federal analogue. He contends that his prior conviction does not qualify as a § 2252A predicate offense because the least culpable conduct criminalized by the Florida statute— a "17-year-old couple taking a consensual intimate photo"—does not relate to "abusive sexual conduct involving a minor." 18 U.S.C. § 2252A(b)(1).

Whidden cannot avoid our decision in *Kushmaul*. Though decided under plain-error review, the *Kushmaul* Court performed a "robust analysis" of whether § 827.071(3) was overbroad compared to § 2252A(b)(1). *See* 984 F.3d at 1364–67. We determined it was not because the "plain meanings" of § 827.071(3) and §§ 2252A(b)(1) and (b)(2) "strongly suggest[ed]" that the Florida statute serves as a valid predicate under the federal-enhancement statutes. *Id.* at 1363. "Under the Florida statute, the least culpable conduct requires at least *some* physical touching of a minor." *Id.* at 1366. But prior convictions requiring "*no* physical touching of a minor at all, such as enticing a minor for indecent purposes," qualified as "abusive sexual conduct" for purposes of

§§ 2252A(b)(1) and (b)(2)'s enhancement. *Id.*[2] It thus made little sense to conclude that the Florida statute was "somehow broader" for categorical-approach purposes. *Id.* (quotation omitted).

So too here. Whidden's challenge involves the same sentencing enhancement and same state statute as Kushmaul's. The Court in *Kushmaul* performed a thorough categorical analysis of the two statutes. After pinpointing the least culpable conduct under the Florida law, we determined that it was not impermissibly broad to apply the sentencing enhancement. *See id.* at 1364–67. Bolstered by other precedents interpreting §§ 2252A(b)(1) and (b)(2)'s text, as well as statutes with similar language, we find *Kushmaul*'s reasoning persuasive here. *See, e.g., United States v. McGarity*, 669 F.3d 1218, 1262 (11th Cir. 2012), *abrogated on other grounds by Paroline v. United States*, 572 U.S. 434 (2014); *Miller*, 819 F.3d at 1317; *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006).

Perhaps sensing this conclusion, Whidden tries a new tack for the first time on appeal, contending that § 827.071(3)'s federal analogue is in fact 18 U.S.C. § 2243(a) (in addition to 18 U.S.C. § 2252A(a)(2)). That statute criminalizes "knowingly engag[ing] in a sexual act with another person who – (1) has attained the age of

---

[2] Whidden's reliance on the phrase "relating to" does not move the needle. We have interpreted that phrase "broadly in the context of child exploitation offenses." *Miller*, 819 F.3d at 1317 (quotation omitted); *accord Kushmaul*, 984 F.3d at 1365. Contrary to Whidden's suggestion, the Supreme Court's decision in *Mellouli v. Lynch* has not undermined these precedents. 575 U.S. 798 (2015).

12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging." 18 U.S.C. § 2243(a). And because the Florida statute "sets the age of consent at 18 rather than 16" and "contains no requirement of an age gap between participants," Whidden says, it is overbroad and once more cannot qualify as a predicate offense.

Whidden did not make this argument below. Instead, he asserted in his presentence-investigation-report objections that "the Florida crime of promoting a sexual performance by a child, Fla. Stat. § 827.071(3), must be compared to the statutorily defined elements of its federal analogue – receiving or distributing child pornography, 18 U.S.C. § 2252A(a)(2)." The government contends that this "invited error," or in the alternative, that plain-error review applies. Whidden pushes back, citing this Court's decision in *United States v. Lusk*, 119 F.4th 815 (11th Cir. 2024). Because Whidden invoked the categorical approach and asserted that the Florida statute "failed that test," he "necessarily took the position" that it "was broader than any federal analogue." So, Whidden says, his position "has always been" that "*no* federal analogue categorically matches" Fla. Stat. § 827.071(3).

We agree with the government that our review is for plain error.[3] Though Whidden preserved his categorical-approach argument by raising it below, nowhere did he flag § 2243(a) as the applicable federal analogue. In his objections to the presentence

---

[3] We note, however, that the government is incorrect to rely on the invited-error doctrine.

24-12257                Opinion of the Court                9

investigation report and his sentencing memorandum, Whidden underscored that § 827.071(3) was overbroad because "sharing an image of a hand on a clothed buttocks or clothed breast of a female under 18 years of age" "would not support a conviction" under § 2252A(a)(2). And at sentencing, Whidden's counsel reiterated that argument, emphasizing that she "d[idn't] have anything to add" to what she put in her "response to the draft presentence report and [] sentencing memo."

True, Whidden may develop his argument on appeal. What he cannot do is widen the aperture to such a high level of generality that any and all arguments under the categorical approach become fair game on appeal. *See United States v. Corbett*, 921 F.3d 1032, 1043 (11th Cir. 2019). After all, district courts are "not expected to read minds or independently conceive of every possible argument a party might raise in support of an objection." *United States v. Zinn*, 321 F.3d 1084, 1090 n.7 (11th Cir. 2003).[4]

---

[4] *United States v. Lusk* is not to the contrary. In that case, the fundamental dispute was whether the categorical approach applied at all. *See Lusk*, 119 F.4th at 822–23. Neither party disputes that it does here. Instead, Whidden now argues § 2243(a) is the appropriate "federal counterpart" to Fla. Stat. § 827.071(3)—despite his assertion below that § 827.071(3)'s elements "*must be compared* to the statutorily defined elements of its federal analogue – receiving or distributing child pornography, 18 U.S.C. § 2252A(a)(2)." Though not limited to the precise arguments he made below, to "properly preserve[] his position," Whidden needed to raise this issue clearly enough that the district court understood his objection. *Id.* at 826; *see also United States v. Brown*, 934 F.3d 1278, 1306 (11th Cir. 2019). He failed to do so.

Reviewing for plain error, Whidden comes up short. To demonstrate that an error was plain, the defendant must show "(1) an error; (2) that was obvious; (3) that affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dudley*, 5 F.4th 1249, 1255 (11th Cir. 2021). But an "error cannot be plain unless the issue has been specifically and directly resolved by the explicit language of a statute" or "on point precedent from the Supreme Court or this Court." *United States v. Sanchez*, 940 F.3d 526, 537 (11th Cir. 2019). Whidden cannot show that "the plain language of the statutes clearly and obviously" resolves the issue. *Kushmaul*, 984 F.3d at 1367 (alteration adopted, quotations omitted, and emphasis deleted). Nor does he point to any published precedents addressing the relationship between § 827.071(3) and § 2243(a). Without more, Whidden cannot show the district court plainly erred.

We reject Whidden's other challenges. Whidden first gestures that a broad reading of "relating to" in § 2252A(b)(1) "raises serious vagueness concerns." He did not raise this issue below, so our review is once again for plain error. And because the "explicit language" of § 2252A(b)(1) does not specifically resolve Whidden's vagueness concerns and no on-point precedent directly resolves the issue, there is none. *Sanchez*, 940 F.3d at 537.

Whidden's rule-of-lenity concerns fare no better. Many statutes are "ambiguous to some degree," so the "existence of some statutory ambiguity" is not enough to invoke lenity. *Muscarello v.*

*United States*, 524 U.S. 125, 138 (1998). On the contrary, only "grievously ambiguous" statutes warrant its application. *Brown v. United States*, 602 U.S. 101, 122 (2024). Here, § 2252A(b)(1) is not so ambiguous that we "can make no more than a guess as to what Congress intended." *Muscarello*, 524 U.S. at 138 (quotation omitted). This Circuit has routinely interpreted the statute and others like it. *See, e.g.*, *Kushmaul*, 984 F.3d at 1364–66; *McGarity*, 669 F.3d at 1262; *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163–64 (11th Cir. 2001).

★       ★       ★

**AFFIRMED**.