[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12874

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL SHAUN HILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:23-cr-00016-MHH-HNJ-1

_____

Before JORDAN, LUCK, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Michael Hill appeals his total sentence of 840 months' imprisonment for distributing child pornography, advertising child pornography, and possessing child pornography. He argues that the district court erroneously applied the enhanced statutory minimum and maximum penalties after concluding that his prior Alabama conviction for sexual misconduct related to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward. Having reviewed the record and read the parties' briefs, we affirm Hill's sentence.

## I.

"We review *de novo* the district court's determination that a prior conviction triggers a statutory sentencing enhancement." *United States v. Miller*, 819 F.3d 1314, 1316 (11th Cir. 2016).

## II.

Any person who advertises child pornography is ordinarily subject to a 15-year minimum term of imprisonment and a 30-year maximum. 18 U.S.C. § 2251(d)(1)(A), (d)(2)(B), (e). Where, however, a defendant "has one prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse, [or] abusive sexual contact involving a minor or ward," the mandatory minimum increases to 25 years, and the maximum penalty increases to 50 years. *Id*. § 2251(e).

Any person who distributes child pornography is ordinarily subject to a 5-year minimum term of imprisonment and a 20-year maximum.  18 U.S.C. § 2252A(a)(2)(A), (b)(1).  Any person who possesses child pornography is ordinarily subject to a 20-year maximum term of imprisonment for cases involving victims who are prepubescent or under the age of 12.  *Id*. § 2252A(a)(5)(B), (b)(2). However, 18 U.S.C. § 2252A(b)(1) and (b)(2) each state, in relevant part, that an offender who "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" is subject to a heightened mandatory minimum.  *Id*. § 2252A(b)(1), (b)(2).  The mandatory minimum increases to 15 years, and the maximum penalty increases to 40 years, for a conviction under § 2252A(a)(2).  *Id*. § 2252A(b)(1).  The mandatory minimum increases to 10 years, and the maximum penalty is 20 years, for a conviction under § 2252A(a)(5).  *Id*. § 2252A(b)(2).  The only difference, which is not material, in the relevant statutory texts is that § 2252A(b) refers to "abusive sexual conduct" and § 2251(e) refers to "abusive sexual contact."  *Miller*, 819 F.3d at 1317.

To determine whether a defendant's prior conviction qualifies as a predicate offense for a sentencing enhancement, federal courts generally apply the "categorical approach."  *United States v. Kushmaul*, 984 F.3d 1359, 1364 (11th Cir. 2021).  Under this approach, a court compares the elements of the state conviction with the generic offenses mentioned in the sentence enhancing statute.  *Id*.  If the "least culpable conduct" that could result in a conviction

under the state law meets the enhancement requirements, then the enhanced sentence is imposed. *Id.*

If, however, the elements of the state offense are broader than those of the generic offense, courts then determine the statute's divisibility. *Mathis v. United States*, 579 U.S. 500, 505, 136 S. Ct. 2243, 2249 (2016). A statute is indivisible if it "sets out a single . . . set of elements to define a single crime," even if it provides for alternative means of committing the offense. *Id.* at 504-05, 136 S. Ct. at 2248-49. A statute is divisible if it "list[s] elements in the alternative, . . . defin[ing] multiple crimes." *Id.* at 505, 136 S. Ct. at 2249. When applying the "modified categorical approach" for divisible statutes, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* at 505-06, 136 S. Ct. at 2249. After determining which elements of the offense formed the basis of the defendant's prior conviction, "[t]he court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Descamps v. United States*, 570 U.S. 254, 257, 133 S. Ct. 2276, 2281 (2013).

If the generic offenses are non-traditional—that is, crimes not developed in the common law—they are defined based on their "ordinary, contemporary, and common meaning." *United States v. Ramirez-Garcia*, 646 F.3d 778, 783 (11th Cir. 2011) (quotation marks omitted). We have interpreted "aggravated sexual abuse," "sexual

abuse," and "abusive sexual conduct involving a minor or ward" as non-traditional generic offenses and used their common meaning. *Kushmaul*, 984 F.3d at 1365. We have held that the common meanings need not be identical to federal crimes. *Miller*, 819 F.3d at 1317 (reasoning that the functionally identical language of 18 U.S.C. § 2251(e) requires only that the state offenses "relat[e] to" sexual abuse).

As to the phrase "involving a minor or ward," in *Lockhart v. United States*, the Supreme Court decided whether the modifier "involving a minor or ward" attached to each term or only "abusive sexual conduct." 577 U.S. 347, 350-51, 136 S. Ct. 958, 962 (2016). The Court held that the modifier attached only to "abusive sexual conduct" because of the last antecedent canon. *Id*. This, the Court reasoned, was "confirmed by the structure and internal logic" of the statute because "aggravated sexual abuse," "sexual abuse," and "abusive sexual contact involving a minor or ward" mirror the titles of separate federal crimes, suggesting that Congress intended each term to be a separate unit. *Id*. at 351-54, 136 S. Ct. at 962-65. The Court, however, "[took] no position . . . on the meaning of the terms 'aggravated sexual abuse,' 'sexual abuse,' and 'abusive sexual conduct'" within the statute. *Id*. at 356, 136 S. Ct. at 965-66.

In *United States v. Padilla-Reyes*, we held that the common meaning of "sexual abuse" is "a perpetrator's physical or nonphysical misuse or maltreatment . . . for a purpose associated with sexual gratification." 247 F.3d 1158, 1163 (11th Cir. 2001). In *United States v. McGarity*, we held that a defendant's state conviction for

enticing a minor for indecent purposes warranted an increased sentence under § 2251(e), even though the state conviction did not require touching or attempted touching of a minor.  669 F.3d 1218, 1262-63 (11th Cir. 2012), *abrogated on other grounds by United States v. Rothenberg*, 923 F.3d 1309 (11th Cir. 2019); *see also United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (noting that a defendant's prior state convictions for "performing a lewd act in front of a minor" qualified as predicate offenses under § 2251(e) and § 2252A); *United States v. Maupin*, 520 F.3d 1304, 1308 (11th Cir. 2008) (holding that a *nolo contendere* plea to state charges for possession of child pornography constituted a prior state conviction within the meaning of § 2252A(b)(1) and (2)).  We have applied the same "plain meaning" of "sexual abuse" to 18 U.S.C. § 2251(e), which has a functionally identical sentencing enhancement as § 2252(b)(1).  *Mathis*, 767 F.3d at 1285.

We interpret the phrase "relating to" in 18 U.S.C. §§ 2251A(b) and 2251(e) "broadly in the context of child exploitation offenses."  *Miller*, 819 F.3d at 1317.  We have defined "relating to" in 18 U.S.C. §§ 2251A(b) and 2251(e) to mean that a valid predicate "stands in some relation, bears upon, or is associated with sexual abuse."  *Kushmaul*, 984 F.3d at 1365 (quotation marks omitted).

At the time of Hill's conviction, in Alabama,

(a) A person commits the crime of sexual misconduct if:

(1) Being a male, he engages in sexual intercourse with a female without her consent, under

circumstances other than those covered by [the crimes of first-degree rape] and [statutory/second-degree rape]; or with her consent where consent was obtained by the use of any fraud or artifice; or

(2) Being a female, she engages in sexual intercourse with a male without his consent; or

(3) He or she engages in deviate sexual intercourse with another person under circumstances other than those covered by [the crimes of first-degree sodomy] and [statutory/second-degree sodomy]. Consent is no defense to a prosecution under this subdivision.

Ala. Code § 13A-6-65(a) (2007). Under Ala. Code § 13A-6-70(c), an individual less than 16 years old is "deemed incapable of consent." *Id*. § 13A-6-70(c)(1).

Alabama law defined "[s]exual intercourse" as having "its ordinary meaning and occurs upon any penetration, however slight; emission is not required." *Id*. § 13A-6-60(1) (2007). Deviate sexual intercourse was defined as "[a]ny act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another." *Id*. § 13A-6-60(2) (2007). Second-degree sexual abuse makes it a crime to subject a person who is less than 16 and more than 12 years old to sexual contact, which is defined as "[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of another party." *Id*. §§ 13A-6-67(a)(2) (2007 & 2025), 13A-6-60(3) (2007 & 2025).

### III.

Hill objected to the district court's application of the enhancement and maintains that objection on appeal. Hill contends that his 2007 Alabama conviction for sexual misconduct is not a predicate offense for the sentencing enhancements because, based on the elements and definition of sexual misconduct in the Alabama Code at that time, the offense was not a categorical match for the defined generic offense in the federal statutes. The sexual misconduct statute specifically excluded much of the conduct in the generic offense in the federal statutes, and the Alabama Code contained a separate offense other than sexual misconduct that covered the predicate offenses as defined in the federal statutes. We conclude that the district court correctly determined that Hill's 2007 conviction for sexual misconduct qualified as a state conviction relating to the aggravated sexual abuse, sexual abuse, or abusive sexual contact/conduct involving a minor.

The record demonstrates that the district court did not err in finding that Hill's prior Alabama conviction for sexual misconduct was a predicate offense under 18 U.S.C. § 2251(e) and 18 U.S.C. § 2252A(b). The Alabama Code section at issue is divisible because it lists elements in the alternative and thereby defines multiple crimes. Thus, the district court could apply the modified categorical approach and look to a limited class of documents to determine what crime was the basis of Hill's Alabama conviction. Those documents show that Hill was convicted under either the first or third subsections of the statute, in which he pleaded guilty to non-consensual sexual intercourse or non-consensual deviate

sexual intercourse.  Based on the plain text of Alabama Code section 13A-6-65, the least culpable conduct the statute criminalizes is engaging in any "act of sexual gratification" . . . "without the victim's consent."  *See Kushmaul*, 984 F. 3d at 1364; Ala. Code §13A-6-65(a)(1), (a)(3).

Based on the record, we conclude that the district court properly applied the modified categorical approach, along with our broad interpretation of the phrases "relating to" and "sexual abuse" in §§ 2251(e) and 2252A(b), to find that Hill's prior conviction under Ala. Code § 13A-6-65 qualified as a state conviction relating to the ordinary meaning of "sexual abuse."  Thus, the district court correctly imposed the sentence enhancement pursuant to 18 U.S.C. §2252A(b)(1), (b)(2) to Hill's sentence.  Accordingly, based on the aforementioned reasons, we affirm Hill's total sentence of 840 months' imprisonment.

**AFFIRMED**.