[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10924
Non-Argument Calendar

_____

D.C. Docket No. 5:19-cr-00050-TKW-MJF-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON KUSHMAUL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 6, 2021)

Before JORDAN, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

I.

In 2019, the United States Department of Justice coordinated the Nationwide Child Exploitation Investigation with the Royal Canadian Mounted Police ("RCMP"), the social media messaging application Kik,[1] and Homeland Security Investigations ("HSI").  The investigation—nicknamed "Kik Leads"—aimed to uncover child pornography sent through the Kik app.  As part of the Kik Leads investigation, HSI in Panama City, Florida, received a tip from RCMP that a Kik user was observed distributing child pornography through the app.  RCMP provided HSI with an IP address for a Kik account holder, "khal076," and Kik provided HSI with a Gmail account, "thephantomoftheopera1431@gmail.com."  The Gmail account was tied to Jason Kushmaul, who was previously convicted of "Promoting the Sexual Performance of a Child" in Florida in 2016.[2]

On March 26, 2019, officers from HSI, the Bay County Sheriff's Office, and the Lynn Haven Police Department went to Kushmaul's RV, which was listed as his address in the Florida Sex Offender Registry.  Kushmaul spoke to the officers without exiting his RV.  When asked about the Gmail account that Kik provided to HSI, Kushmaul claimed that the Gmail account was the same as his sex offender registered email address.  The officers knew this was a lie and asked to see

---

[1] According to Kik's website, Kik is the "only chat platform built especially for teens." *About*, KIK, https://www.kik.com/about (last visited Jan. 5, 2021).

[2] The three counts of "Promoting the Sexual Performance of a Child," to which Kushmaul pled nolo contendere, were based on his distribution of child pornography on the social media site "Tumblr."

2

Kushmaul's cell phone. Kushmaul handed one of the officers his cell phone—a Samsung Galaxy S9—and the officers immediately discovered a Snapchat[3] account that was not listed on Kushmaul's sex offender registry. The officers also asked Kushmaul about his Kik account; Kushmaul admitted that the "khal076" account was his, but he claimed that the account no longer worked.

Officers eventually asked Kushmaul to accompany them to the Bay County Sheriff's Office, and Kushmaul agreed to go. Kushmaul was then advised of his *Miranda* rights, and he subsequently admitted to viewing child pornography. Kushmaul confessed that he would sometimes view child pornography when he "got bored," but he made clear that the images he distributed through the Kik app were commercial-type child pornography, not images that he produced.

Once the officers and Kushmaul arrived at the Bay County Sheriff's Office, Kushmaul signed a "consent to search form," and one of the officers completed a download of Kushmaul's cell phone. The download revealed twenty images of "child sexual abuse material." Most of the images were of nude, prepubescent girls in sexually provocative poses, but there were additional images of nude children in non-provocative poses.

---

[3] Snapchat is a camera application for smartphones that allows users to, among other things, send disappearing images to other Snapchat users. *See Create a Snap*, SNAPCHAT, https://support.snapchat.com/en-US/a/capture-a-snap (last visited Jan. 5, 2021).

On August 6, 2019, a federal grand jury for the Northern District of Florida returned a two-count indictment against Kushmaul. Count One stated that Kushmaul "did knowingly distribute, and attempt to distribute, material containing child pornography . . . using any means and facility of interstate and foreign commerce" in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1). And Count Two stated that Kushmaul "did knowingly possess material containing child pornography . . . that involved a prepubescent minor and a minor who had not attained 12 years of age, using any means and facility of interstate and foreign commerce" in violation of 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2).

A warrant for Kushmaul's arrest was issued on August 7, 2019, and Kushmaul was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum nine days later. Kushmaul appeared before a United States Magistrate Judge on August 22, 2019, pled not guilty to the charges in the indictment, and was appointed a Federal Public Defender that day. A jury trial was ultimately set for November 4, 2019.

But on October 10, 2019, Kushmaul again appeared before the Magistrate Judge and changed his tune. Kushmaul pled guilty to both counts in the indictment and entered into a plea agreement. His sentencing hearing was scheduled for January 28, 2020.

4

At sentencing, the Government recommended a 15-year sentence followed by five years of supervised release.  This proposal, the Government argued, took into account Kushmaul's final offense level of 30, as well as the mandatory minimum for Count 1, distribution of child pornography.  Although the statutory minimum sentence for violations of 18 U.S.C. § 2252A(a)(2) is only 5 years, that minimum increases to 15 years if the offender "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(1).  Because Kushmaul had a September 2016 conviction in Florida on three counts of "Promoting the Sexual Performance of a Child," the Government argued that the 15-year mandatory minimum applied.  After hearing from Kushmaul, the District Court sentenced him to the 180-month mandatory minimum for Count 1 (distribution of child pornography) and the 120-month mandatory minimum for Count 2 (possession of child pornography), to be served concurrently, followed by supervised release for life.  Kushmaul did not object to the sentence.

But despite his failure to object at the sentencing hearing, Kushmaul now appeals his sentence of 180 months' imprisonment for distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1), and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2).  He argues that the District Court plainly erred when enhancing his sentence pursuant to 18

5

U.S.C. §§ 2252A(b)(1) and (b)(2) because of his prior conviction for promoting the sexual performance of a child under Fla. Stat. § 827.071(3). Specifically, Kushmaul claims his Florida offense does not qualify for sentencing enhancement under 18 U.S.C. §§ 2252A(b)(1), (b)(2) because the Florida offense is broader than its federal counterpart—the Florida crime, for example, encompasses the distribution of images depicting the touching of *clothed* buttocks or *clothed* female breasts, not just *unclothed* buttocks or *unclothed* female breasts. *See* Appellant's Br. at 13.

We disagree that the District Court plainly erred. The plain meanings of Fla. Stat. § 827.071(3) and 18 U.S.C. §§ 2252A(b)(1), (b)(2) strongly suggest that § 827.071(3) is a predicate offense under the federal sentencing enhancement statutes, and Kushmaul has pointed us to no binding precedent holding otherwise. As a result, we affirm Kushmaul's sentence.

## II.

Ordinarily, "[w]e review *de novo* [a] district court's determination that a prior conviction triggers a statutory sentencing enhancement." *United States v. Miller*, 819 F.3d 1314, 1316 (11th Cir. 2016). However, objections made for the first time on appeal are reviewed only for plain error. *United States v. Vereen*, 920 F.3d 1300, 1312 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 1273 (2020).

6

Under a plain error standard, the defendant bears the burden to "show that there is (1) error, (2) that is plain and (3) that affects substantial rights." *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (quotation marks omitted). "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. Regarding the second prong of the test, "[s]uch error must be so clearly established and obvious that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it." *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015) (quotation marks omitted). "When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (quotation marks omitted).

## III.

Kushmaul's argument, at its core, turns on the language of 18 U.S.C. §§ 2252A(b)(1) and (b)(2). The first of the two sections, § 2252A(b)(1), increases the mandatory minimum for distribution of child pornography if the offender "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." The second, § 2252A(b)(2), is very similar and increases the mandatory minimum for

7

possession of child pornography if the offender "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."[4]

So, to succeed on his claim, Kushmaul must demonstrate that the District Court plainly erred in concluding that his prior conviction for promoting the sexual performance of a child under Fla. Stat. § 827.071(3) "relat[es] to" "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(1), (b)(2). He can do this by showing that either "the explicit language of a statute or rule" or "precedent from the Supreme Court or this Court directly resolv[es]" the issue. *Hesser*, 800 F.3d at 1325 (quoting *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam)). In this case, neither does.

### A.

Before we dive in to Kushmaul's arguments, a brief word on our approach to sentencing is warranted. To determine whether a defendant's prior conviction qualifies as a predicate offense for a sentencing enhancement, federal courts generally apply the "categorical approach," meaning we look only to the elements of the statute under which the defendant was convicted and not at the facts

---

[4] In both 18 U.S.C. §§ 2252A(b)(1) and (b)(2), the phrase "involving a minor or ward" modifies only "abusive sexual conduct." *See Lockhart v. United States*, 136 S. Ct. 958, 961 (2016).

underlying the prior conviction. *See Mathis v. United States*, 136 S. Ct. 2243, 2251–53 (2016). Specifically, federal courts compare the elements of the statute to the generic offenses mentioned in the federal sentencing enhancement statutes. *See Taylor v. United States*, 495 U.S. 575, 600–02, 110 S. Ct. 2143, 2159–60 (1990). If the generic offenses are non-traditional—that is, crimes not developed in the common law—they are defined based on their "ordinary, contemporary, and common meaning." *United States v. Ramirez-Garcia*, 646 F.3d 778, 783 (11th Cir. 2011) (quotation marks omitted).

When applying the categorical approach, we presume that the prior conviction "rested upon nothing more than the least of the acts criminalized" or the "least culpable conduct." *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1280, 1283 (11th Cir. 2013) (quotation marks omitted). And when we look at the prior conviction itself, we analyze "the version of state law that the defendant was actually convicted of violating." *McNeill v. United States*, 563 U.S. 816, 821, 131 S. Ct. 2218, 2222 (2011).

For our purposes, the categorical approach means that, to prevail in this case, Kushmaul must show that it is plainly established that the "least culpable conduct" criminalized by Fla. Stat. § 827.071(3) is *not* a state crime that qualifies as a predicate offense under 18 U.S.C. §§ 2252A(b)(1) and (b)(2). *See Donawa*, 735 F.3d at 1280, 1283.

9

B.

Let's start by looking at the statutes. The state statute under which Kushmaul was convicted, Fla. Stat. § 827.071(3), states, in relevant part: "A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he or she produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age." The statute defines "sexual conduct" as, among other things, "actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party." *Id*. § 827.071(1)(h). Performance is defined as, among other things, a "photograph." *Id*. § 827.071(1)(c). And promote means, among other things, to "distribute." *Id*. § 827.071(1)(d).

So, by our read of Fla. Stat. § 827.071(3), the least culpable conduct the statute criminalizes is the distribution of a photograph of a child less than 18 years of age that is making *actual physical contact* with a person's clothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party.

Under Kushmaul's interpretation of the statute, Fla. Stat. § 827.071(3) is "clearly" and "obviously" broader than the generic offenses listed in §§ 2252A(b)(1) and (b)(2), and thus his prior conviction cannot serve as a

predicate offense for sentencing enhancement. Appellant's Br. at 21. For example, Kushmaul argues that because the least culpable conduct under the Florida statute would be "the distribution of an image of a hand on a *clothed* buttocks or the *clothed* breast of a female under 18 years of age," it must be broader than the federal statute, which he believes extends only to images of unclothed minors. *Id.* (emphasis added). But a close look at the sentencing enhancement statutes and our precedent interpreting them reveals the flaws in Kushmaul's reasoning.

18 U.S.C. §§ 2252A(b)(1) and (b)(2) each state, in relevant part, that an offender that "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" is subject to a heightened mandatory minimum for the crimes listed in 18 U.S.C. §§ 2252A(a)(1)–(6). Sections 2252A(b)(1) and (b)(2) each list three generic offenses: "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor or ward." These generic offenses are non-traditional, and since we are applying the categorical approach, we define the non-traditional generic offenses based on the "ordinary, contemporary, and common meaning" of the statutory words. *Cf. Ramirez-Garcia*, 646 F.3d at 783 (11th Cir. 2011) (analyzing 18 U.S.C. § 2251(e) and stating that "sexual abuse of a minor" is a non-traditional offense) (quotation marks omitted).

11

In the context of this case, two phrases from §§ 2252A(b)(1) and (b)(2) jump off the page: "relating to" and "abusive sexual conduct involving a minor or ward"—one of the three generic offenses. We have interpreted the first phrase, "relating to," "broadly in the context of child exploitation offenses." *Miller*, 819 F.3d at 1317 (citation omitted). For example, when analyzing 18 U.S.C. § 2251A(b)(1) and 18 U.S.C. § 2251(e), we have said that "relating to" means "stands in some relation, bears upon, or is associated with" sexual abuse. *United States v. McGarity*, 669 F.3d 1218, 1262 (11th Cir. 2012), *abrogated on other grounds as recognized by United States v. Rothenberg*, 923 F.3d 1309, 1336 (11th Cir. 2019); *see also Miller*, 819 F.3d at 1317 (analyzing § 2251(e)).

We have also interpreted the ordinary, common meaning of the generic "abusive sexual conduct of a minor or ward" offense "broadly." *McGarity*, 669 F.3d at 1262. We have, for example, held that a prior conviction for performing a "lewd act in front of a minor"—a crime that could be committed without actually touching the minor—qualified as "abusive sexual conduct" under § 2252A(b)(1). *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006). We likewise held in *McGarity* that a defendant's conviction of enticing a minor for indecent purposes, which was not predicated "on touching or attempting to touch a minor," qualified as "abusive sexual conduct" under § 2252A(b)(1). *See McGarity*, 669 F.3d at 1261–62. In neither of these cases did our interpretation of the breadth of

12

the generic offense turn on whether an individual was clothed or unclothed. Further, in the context of sentencing enhancement under U.S.S.G. § 2L.1.2 (1998), we held that a similar phrase, "sexual abuse of a minor," meant a "perpetrator's *physical or nonphysical* misuse or maltreatment of a minor for a purpose associated with sexual gratification." *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163–64 (11th Cir. 2001) (emphasis added).

And even without relying on our precedent, a plain reading of "abusive sexual conduct" makes clear that the generic offense does not require (1) that an individual be "unclothed," as Kushmaul suggests, or (2) physical contact. On the first point, Kushmaul focuses on the "sexual" portion of the term "sexual conduct." *See* Appellant's Br. at 21. Webster's Third New International Dictionary defines "sexual" as "of or relating to the sphere of behavior associated with libidinal gratification," *Sexual*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2082 (1993), and courts in this Circuit have adopted that definition, *see Padilla-Reyes*, 247 F.3d at 1163. The definition makes no distinction between clothed and unclothed behavior, and no honest reading would cabin "behavior associated with libidinal gratification" only to acts performed while one of the individuals is unclothed.

Moving to the "physical contact" point, Webster's includes among its definitions of "conduct" "behavior in a particular situation or relation or on a

13

specified occasion." *Conduct*, WEBSTER'S THIRD NEW INTERNATIONAL

DICTIONARY 474 (1993).  Now compare "conduct" with "contact," which appears

in 18 U.S.C. § 2251(e)'s generic offense of "abusive sexual contact involving a

minor or ward."[5]  Webster defines "contact" as a "union or junction of body

surfaces: *a touching or meeting*."  *Contact*, WEBSTER'S THIRD NEW

INTERNATIONAL DICTIONARY 490 (1993) (emphasis added).  The differences in

these two definitions tell the whole story: "Abusive sexual contact" requires

physical touching, but "abusive sexual conduct" does not.

So, when we compare the least culpable conduct under Fla. Stat.

§ 827.071(3) with our interpretation of the language of the generic "abusive sexual

conduct of a minor or ward" offense, Kushmaul's argument that the Florida statute

is broader than the sentencing enhancement statutes crumbles.  Under the Florida

statute, the least culpable conduct requires at least *some* physical touching of a

minor, and Kushmaul concedes as much.  *See* Appellant's Br. at 21 ("In other

words, the least culpable conduct punishable under Florida law includes the

distribution of an image of a hand on a *clothed* buttocks or the *clothed* breast of a

---

[5] 18 U.S.C. § 2251(e) is another sentencing enhancement statute that states, in relevant part, that if an offender has "one prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years."

14

female under 18 years of age." (emphasis in original)).  But under this Circuit's reading of the language of §§ 2252A(b)(1) and (b)(2), prior convictions that require *no* physical touching of a minor at all, such as enticing a minor for indecent purposes, qualify as "abusive sexual conduct."  *See McGarity*, 669 F.3d at 1261–62.  We struggle to see how the least culpable conduct punishable under Fla. Stat. § 827.071(3)—which requires the actual touching of a minor—is somehow "broader" than the acts proscribed by 18 U.S.C. §§ 2252A(b)(1) and (b)(2)—which do not.  Kushmaul's attempt to instead emphasize the distinction between images of clothed and unclothed minors simply misses the mark.

Nor does the phrase "relating to" salvage Kushmaul's argument.  That phrase, as interpreted by this Circuit, is clearly broad enough to encompass a conviction for the least culpable act under Fla. Stat. § 827.071(3).  As noted above, even convictions for nonphysical acts can constitute qualifying offenses for the mandatory minimum enhancement, and only a truly opaque reading of "relating to" would conclude that photographs of a hand on the clothed buttocks or the clothed breast of a female child do not "stand in *some* relation" to the "abusive sexual conduct of a minor."  *Miller*, 819 F.3d at 1317 (emphasis added).  To hold otherwise would be to read "relating to" too narrowly.

And even if Fla. Stat. § 827.071(3) is arguably broader than the sentencing enhancement statutes, a close call is not enough for Kushmaul to prevail on plain

15

error review. *Hesser*, 800 F.3d at 1325 ("[The] error must be so clearly established and obvious that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it." (quotation marks omitted)). Kushmaul needed to show that the plain language of the statutes "*clearly*" and "*obvious[ly]*" resolved the issue, and he has not. *Id.* (emphasis added).

C.

Since the plain language of the statutes do not resolve the issue, we turn next to precedent. From our review of the case law, we find no published precedent determining whether a conviction for an offense under Fla. Stat. § 827.071(3) relates to the generic offenses listed in 18 U.S.C. §§ 2252A(b)(1) and (b)(2). And Kushmaul concedes that there is none. *See* Appellant's Br. at 24 ("Appellant is unaware of any decision of this Court holding that a conviction under Fla. Stat. § 827.071(3) does not qualify for the enhanced penalties of § 2252A(b)(1) and (2)."). Of course, precedent is not always necessary to establish plain error, but in the absence of a clear resolution through the language of the sentencing enhancement statutes, it is all Kushmaul has left. *See Castro*, 455 F.3d at 1253. So, in light of our conclusion that the plain language of the statutes do not clearly resolve whether Fla. Stat. § 827.071(3) qualifies as a predicate offense under 18 U.S.C. §§ 2252A(b)(1) and (b)(2), and given that we have not seen any precedent

16

that settles the issue, Kushmaul has failed to establish that the District Court plainly erred.

## IV.

Because the District Court did not plainly err in enhancing Kushmaul's sentence under 18 U.S.C. §§ 2252A(b)(1) and (b)(2), we affirm his sentence.

**AFFIRMED**.