[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11771

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KAVITA L. HARACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cr-00123-WWB-DCI-1

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Kavita Harack appeals her 180-month total sentence for two counts of wire fraud.  First, she argues that the district court plainly erred at sentencing by departing upward because it based its "departure" on conduct not alleged in her presentencing investigation report and did so without advance notice.  She also contends, alternatively, that the court erred by improperly denying her request to continue the sentencing hearing.  Second, she argues that her 180-month total sentence was substantively unreasonable because it was triple the length of the advisory guideline range.

I

We review an issue under a plain-error standard when a defendant fails to present the issue to the district court in the first instance.  *See United States v. Wilson*, 788 F.3d 1298, 1310 (11th Cir. 2015); Fed. R. Crim. P. 52.  Plain error occurs where: (1) there is an error; (2) that is plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).  When the language of a statute does not plainly resolve the issue, either Eleventh Circuit precedent or Supreme Court precedent must clearly indicate an error for that error to be plain.  *See United States v. Kushmaul*, 984 F.3d 1359, 1363 (11th Cir. 2021).  Generally, "[s]uch error must be so clearly established and obvious that it should not have been permitted by the trial court even absent the defendant's timely

assistance in detecting it." *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015) (quotation marks omitted).

Our prior holdings constitute binding precedent unless or until they are overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc. See United States v. Harris*, 941 F.3d 1048, 1057 (11th Cir. 2019). Moreover, an appellant in a criminal case may not raise an issue for the first time in a reply brief. *See United States v. Fiallo-Jacome*, 874 F.2d 1479, 1481 (11th Cir. 1989).

## II

When determining whether a district court applied an upward departure or a variance, we look to whether the court "cited to a specific guideline departure provision and if the court's rationale was based on its determination that the [g]uidelines were inadequate." *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009). "A court must give the parties advance notice if it is considering departing from the guidelines range calculated in the PS[I], but it need not give advance notice if it is considering varying from that range." *United States v. Hall*, 965 F.3d 1281, 1296 (11th Cir. 2020). *See also* Fed. R. Crim. P. 32(h).

Here the record confirms that the district court did not depart upward before sentencing Ms. Harack. Ms. Harack's counsel acknowledged the possibility of an "upward variance." Sent. Transcript at 56. The government explicitly requested an upward "variance" and noted that it was not requesting a departure. *See id.* at 79. Then, the court said that an "upward variance" was justified in

this case. *See id.* at 91. Thus, because the court varied upward, and did not depart, no advance notice was due to Harack. *See Kapordelis*, 569 F.3d at 1316; *Hall*, 965 F.3d at 1296; Fed. R. Crim. P. 32(h).

Ms. Harack asks us to revisit *Kapordelis* in her reply brief, but we need not consider matters raised for the first time in reply. *See Fiallo-Jacome*, 874 F.2d at 1481. In any event, we are not permitted to overrule *Kapordelis* under the prior precedent rule. *See Harris*, 941 F.3d at 1057.

We review a denial of a grant of continuance under an abuse-of-discretion standard. *United States v. Edouard*, 485 F.3d 1324, 1350 (11th Cir. 2007). When we review a lower court's denial of a request for a continuance, the defendant must show that the denial resulted in specific substantial prejudice by identifying relevant, noncumulative evidence that would have been presented if her request had been granted. *United States v. Valladares*, 544 F.3d 1257, 1262 (11th Cir. 2008).

We also conclude that the district court did not factor Ms. Harack's newly alleged conduct into its sentencing determination. *See* Sent. Transcript at 86. Ms. Harack therefore cannot identify how the denial of a continuance resulted in any specific prejudice.

## III

When appropriate, we will review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The appellant has the burden of proving that the "sentence is unreasonable in light of the

entire record, the [18 U.S.C.] § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). "[A] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

As the Supreme Court has explained, § 3553(c) requires that "[t]he sentencing judge . . . set forth [sufficient reasoning] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). We will measure substantive reasonableness by considering the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in § 3553(a). *See United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

The sentencing court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines

range, pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *See id.* § 3553(a)(1), (3)–(7). "A sentence imposed well below the statutory maximum penalty is another indicator of reasonableness." *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). We will only vacate a defendant's sentence as unreasonable if it is "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Overstreet*, 713 F.3d 627, 637 (11th Cir. 2013) (quoting *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009)).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). We will not second guess the weight that the district court gave to a § 3553(a) factor so long as the sentence is reasonable in light of all the circumstances. *See United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). In fact, a district court is permitted to attach great weight to one § 3553(a) factor over others. *See Overstreet*, 713 F.3d at 638.

To preserve a substantive reasonableness challenge for appeal, a defendant must communicate to the district court that she believes her sentence is "greater than necessary." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). Ms. Harack did that here, so her reasonableness argument is preserved.

A passing reference to an argument, without any reasoned analysis, is generally insufficient to preserve that argument on appeal. *See United States v. Stein*, 846 F.3d 1135, 1151 n.15 (11th Cir. 2017). *See also United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (explaining that when defendant does not offer any argument regarding an issue on appeal, they are deemed to have abandoned that issue). Ms. Harack argues only that her 180-month sentence was three times the top of her advisory guidelines range (which was 63 months) and that the district court based its variance on unproven post-plea criminal allegations. *See* Appellant's Br. at 20. We reject both arguments. First, the fact that the 180-month sentence was three times the top of the advisory guidelines range does not mean, as a matter of law, that the variance was unreasonable. Ms. Harack embezzled over $600,000 from two employers and then began working as a comptroller for a third company while on bond and in violation of her pretrial services conditions of release. Second, as we have explained, the district court explicitly stated that it was not sentencing Ms. Harack for the new alleged criminal conduct.

## IV

We affirm Ms. Harack's sentence.

**AFFIRMED**.