[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14182

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN P. PEEBLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cr-00034-MCR-1

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

There are two issues in this sentencing appeal. First, whether the district court's enhancement of Kevin Peebles's sentence under 18 U.S.C. § 2252A(b)(2) violated the Constitution. And second, whether the court plainly erred in concluding that Peebles's conviction under Virginia's sexual battery statute was a valid predicate offense. We answer both questions in the negative, and thus affirm.

## I.      BACKGROUND

In 2021, a grand jury indicted Peebles on a single count of possessing child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Peebles pleaded guilty, and the district court accepted his plea.

Peebles's presentence investigation report calculated his total adjusted offense level to be twenty-seven and assigned him a criminal history category of "IV." Relevant to this appeal, Peebles's criminal history included a 2010 Virginia conviction, entered upon a no-contest plea, for two counts of misdemeanor sexual battery. Normally, this criminal history category and total adjusted offense level would result in a sentencing guidelines range of 100-to-125 months in prison. Section 2252A(b)(2), however, contains a mandatory minimum of 120 months. Peebles's Virginia conviction

triggered the mandatory minimum, which then replaced the lower guidelines range.

Peebles objected to the report, arguing that the sentencing enhancement did not apply because his Virginia conviction was not a valid Section 2252A(b)(2) predicate. As relevant here, he argued that Virginia's sexual battery statute, Section 18.2-67.4, did not require the victim to be a minor, a fact that he alleged rendered the statute overbroad as compared to Section 2252A(b)(2). The district court rejected Peebles's objection and concluded that, applying the categorical approach, Virginia sexual battery was a valid predicate under Section 2252A(b)(2). The court sentenced Peebles to the mandatory minimum followed by a lifetime term of supervised release, and Peebles timely appealed.

## II.    STANDARDS OF REVIEW

We ordinarily review both questions of constitutional law and a district court's determination that a statutory mandatory minimum applies *de novo*. *United States v. Whatley*, 719 F.3d 1206, 1213–14 (11th Cir. 2013); *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014). When there is no contemporaneous objection before the district court, however, we review a sentencing challenge only for plain error. *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005).

### III.    DISCUSSION

*A.    The District Court's Application of the Categorical Approach Did Not Violate the Constitution*

Peebles first argues that the district court's enhancement of his sentence violated the Constitution by relying on "Virginia plea documents [that] were constitutionally infirm." Specifically, he asserts that the court improperly applied the modified categorical approach to consider his Virginia *Alford* plea in violation of the Sixth Amendment. We disagree for two reasons. First, the record shows that the district court did not apply the modified categorical approach at all. Instead, the court concluded that "*all* of the acts criminalized by Virginia's sexual battery statute required commission of an act" that would trigger a mandatory-minimum sentence under Section 2252A(b)(2). That inquiry, relying on nothing more than the fact of Peebles's conviction for Virginia sexual battery and the text of the statute at issue, is a commonplace application of the categorical approach. *See, e.g.*, *United States v. Kushmaul*, 984 F.3d 1359, 1364 (11th Cir. 2021). Second, even if the district court *had* applied the modified categorical approach, we have held that "[a]n *Alford* plea is a guilty plea where the defendant maintains a claim of innocence to the underlying criminal conduct charged but admits that sufficient evidence exists to convict him of the offense." *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1273 (11th Cir. 2014). Thus, consideration of Peebles's plea would not have

violated the constitution. *See Shepard v. United States*, 544 U.S. 13 (2005) (allowing for the use of plea agreements).

### B. *The District Court Did Not Plainly Err in Concluding That Virginia Sexual Battery is a Valid Predicate Under Section 2252A(b)(2)*

Peebles also argues that his sentencing enhancement was unlawful because Virginia sexual battery is not a valid predicate offense under Section 2252A(b)(2). He claims that the Virginia sexual battery statute does not categorically "relate to" sexual abuse because the term "sexual abuse" should be defined by reference to 18 U.S.C. § 2242, which he asserts requires direct skin-to-skin contact with the victim. Importantly, Peebles never raised this overbreadth argument before the district court, instead focusing his objection on the fact that Virginia sexual battery did not require a minor victim. Thus, to the degree that Peebles argues this new theory on appeal, we review only for plain error. "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (internal quotation marks omitted).

To determine whether a defendant's prior conviction qualifies as a valid predicate offense capable of supporting a sentencing enhancement, we apply the categorical approach. *Kushmaul*, 984 F.3d at 1364. This means that we look only to the elements of the

statute under which the defendant was convicted and not the facts underlying that conviction. *Id.* We compare the elements of that statute to the generic offenses mentioned in the federal sentencing provision, focusing on the least culpable conduct able to support a conviction under the former. *Id.* If the generic offenses are crimes not developed in the common law, we define them based on their "ordinary, contemporary, and common meaning." *Id.* (quoting *Ramirez-Garcia*, 646 F.3d at 783).

Virginia's sexual battery statute provides in relevant part that "[a]n accused is guilty of sexual battery if he sexually abuses, as defined in § 18.2-67.10 . . . the complaining witness against the will of the complaining witness, by force, threat, intimidation, or ruse . . . ." Va. Code. Ann. § 18.2-67.4. The Code's definition of "sexual abuse" includes "an act committed with the intent to sexually molest, arouse, or gratify any person, where . . . [t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts." *Id.* § 18.2-67.10(6)(a). "Intimate parts" are defined as the "genitalia, anus, groin, breast, or buttocks of any person, or the chest of a child under the age of 15." *Id.* § 18.2-67.10(2). The relevant federal sentencing enhancement applies if the defendant "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(2).

As an initial matter, any preserved challenge based on the Virginia statute's lack of a minor-victim requirement fails in the

light of the Supreme Court's holding in *Lockhart v. United States* that the phrase "involving a minor or ward" only modifies the last of Section 2252A(b)(2)'s predicate offenses. 577 U.S. 347, 356–57 (2016). Thus, Virginia sexual battery may serve as a valid predicate despite the lack of a minor-victim requirement so long as it categorically "relates to" sexual abuse.

Peebles's new argument about skin-to-skin contact fails as well. We have broadly defined "relating to" in Section 2252A(b)(2) to mean that a valid predicate must "stand in some relation, bear upon, or be associated with sexual abuse." *Kushmaul*, 984 F.3d at 1365 (cleaned up). And we have specifically rejected the argument that a Florida statute was categorically broader than Section 2252A(b)(2)'s "abusive sexual conduct involving a minor or ward" offense based on the state statute's lack of a direct skin-to-skin contact requirement. *Id.* at 1365–67. But even assuming that Peebles is correct and that "sexual abuse" in Section 2252A(b)(2) has a skin-to-skin contact requirement by virtue of Section 2242, we still cannot say that the district court plainly erred because Peebles has not shown that either "the explicit language of a statute or rule" or "precedent from the Supreme Court or this Court," *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005) (quoting *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003)), directly resolves the issue so as to render it "clear under current law," *id.* (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

## IV.    CONCLUSION

For the foregoing reasons, Peebles's sentence is **AFFIRMED**.