[DO NOT PUBLISH]

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-13795

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

AQUILES ALEXANDER DELAOSA,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cr-00014-AW-MAF-1

————————————

Before LUCK, LAGOA, and TJOFLAT, Circuit Judges

PER CURIAM:

Pursuant to a plea agreement, Aquiles Alexander Delaosa pled guilty to four counts of a five-count indictment: Count One, enticing a minor to engage in sexually explicit conduct;[1] Counts Two and Three, receiving material containing child pornography and distribution of material containing child pornography;[2] and Count Five, transfer of obscene matter to an individual below 16 years of age.[3]   The District Court sentenced Delaosa to prison terms totaling 288 months to be followed by a life term of supervised release, a fine of $100,000, and $18,000 in restitution to six victims.   Delaosa appeals his sentence on three grounds: (1) his life term of supervised release is procedurally and substantively unreasonable; (2) *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017), renders the conditions of his supervised release restricting computer and internet access unconstitutional; and (3) his $100,000 fine is an excessive fine in violation of the Eighth Amendment.

We find no merit in any of these grounds and accordingly affirm.

---

[1] 18 U.S.C. §§ 2251(a) and (e).

[2] 18 U.S.C. §§ 2252A(a)(2) and (b)(1).

[3] 18 U.S.C. § 1470.

## I.

We begin our discussion with the presentence investigation report ("PSR") prepared by one of the District Court's probation officers prior to sentencing. The officer prepared four reports—an initial report and three revisions. He submitted each to the parties and the third revision to the District Court. The officer elicited the parties' objections. Delaosa had none.

Based on a total offense level of 43 and a criminal history category of I, the guidelines sentence range for the offenses of conviction was life imprisonment. The maximum penalties prescribed for the offenses of conviction totaled 960 months of imprisonment, so 960 months became the sentence range. The guidelines range for supervised release on Counts One through Three was five years to life. Because sex offenses were involved, the recommended range for supervised release was life.[4] The PSR specified the following special conditions of supervised release:

> 96.    The defendant shall not possess or use a computer without the prior approval of the probation officer. "Computer" includes any electronic device capable of processing or storing data as described at 18 U.S.C. § 1030, and all peripheral devices.

> 97.    As directed by the probation officer, the defendant shall enroll in the probation office's

---

[4] *See* U.S.S.G. § 5D1.2(b)(2).

Computer and Internet Monitoring Program (CIMP), and shall abide by the requirements of the CIMP program and the Acceptable Use Contract.

98.     The defendant shall not access the Internet or any "on-line computer service" at any location (including employment) without the prior approval of the probation officer.     "On-line services" include any Internet service provider, or any other public or private computer network.  As directed by the probation officer, the defendant shall warn his employer of restrictions to his computer use.

99.     The defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include retrieval and copying of all data from his/her computer(s) and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting a more thorough inspection.  The defendant shall also consent to the installation of any hardware or software as directed by the probation officer to monitor the defendant's Internet use.

100.     The defendant shall not possess or use any data encryption technique or program.

As for the fine, the guidelines prescribed a range of $50,000 to $250,000.  At sentencing, the District Court imposed a total

prison sentence of 288 months—substantially below the guidelines range of 960 months—a supervised release term of life with the special conditions listed above, and a fine of $100,000. At issue in this appeal are the supervised release and the fine. We first consider the supervised release issues.

## II.

We review a sentence under the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Because supervised release is part of a prison sentence, we review the imposition of supervised release for abuse of discretion as well. *See United States v. Trailer*, 827 F.3d 933, 935–36 (11th Cir. 2016) (per curiam). A district court abuses its discretion and, in sentencing jargon, renders a sentence that is "procedurally unreasonable" if the sentence it imposes rests on an error of law or findings of fact that are clearly erroneous. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004). An error of law occurs if the sentence results from a misapplication of the sentencing statutes— here 18 U.S.C. § 3553(a)—or the Sentencing Commission's guidelines or policy statements or if the court fails to adequately explain (for appellate review purposes) the reasons for the sentence it imposed. *Gall*, 552 U.S. at 51, 127 S. Ct. 586, 597. Findings of fact are clearly erroneous when they lack support in the evidence or we are left with a "definite and firm conviction that a mistake has been committed." *Knight v. Thompson*, 797 F.3d 934, 942 (11th Cir. 2015) (internal quotation marks omitted) (quoting *Lincoln v. Bd. of Regents of Univ. Sys. of Ga.*, 697 F.2d 928, 939–40 (11th Cir. 1983)).

If a sentence is procedurally unreasonable, we normally vacate the sentence and remand the case for further proceedings. If it is not, we decide whether the sentence is "substantively unreasonable," the issue Delaosa raises. *Gall*, 552 U.S. at 51, 128 S. Ct. 586, 597. We decide that issue by considering the totality of the circumstances the case presents and the purposes of a sentence as expressed in the factors set out in 18 U.S.C. § 3553(a). *Trailer*, 827 F.3d at 936. We recognize that a sentence must be sufficient, but not greater than necessary, to satisfy the factors listed in § 3553(a)(2): the need of the sentence to reflect the seriousness of the offense and to provide punishment, general deterrence, and specific deterrence, that is, protecting the public from the defendant's future conduct. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). In arriving at a sentence, the court need not discuss each of the § 3553(a) factors, but the record must reflect that it did consider them. *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010). The weight the court gives a § 3553(a) factor is a matter committed to its sound discretion. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curiam). A sentence is substantively unreasonable if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

As noted *surpra,* Delaosa did not object to any of the facts recited in the PSR or to the PSR's application of the relevant law—18 U.S.C. § 3553, the guidelines and accompanying policy

21-13795                    Opinion of the Court                    7

statements—to the facts recited.  Northern District of Florida Local Rule 88.1(C) states: "A party must make objections or give notice that it has no objections [to the PSR] as required by Fed. R. Crim. P. 32(f)."[5]  N.D. Fla. Loc. R. 88.1(C).  The addendum the probation officer appended to each version of the PSR states: "Counsel for the defendant notified this officer via electronic communications that he did not have any objections to the report."[6]  Moreover, at no time during the sentencing hearing did Delaosa ask leave to

---

[5] Rule 32(f) states:

> **(f) Objecting to the Report.**
>
> > **(1) Time to Object.**  Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.
> >
> > **(2) Serving Objections.**  An objecting party must provide a copy of its objections to the opposing party and to the probation officer.
> >
> > **(3) Action on Objections.**  After receiving objections, the probation officer may meet with the parties to discuss the objections.  The probation officer may then investigate further and revise the presentence report as appropriate.

Fed. R. Crim. P. 32(f).

[6] The Fourth PSR contains this statement.  The same statement appears in the addendum appended to the previous versions of the PSR.

belatedly object to anything in the PSR. Therefore, with the exception of his argument that the $100,000 fine the Court imposed is barred by the Eighth Amendment, he forfeited his remaining arguments: that the life term of the supervised release and its conditions, which restrict computer and internet access, are procedurally and substantively unreasonable. We therefore examine those two arguments for plain error.

Under plain error review, the defendant has the burden to show that the district court erred, that the error is plain, and that it affects his substantial rights. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). If the defendant meets all three conditions, we "may then exercise [our] discretion to notice a forfeited error, but only if . . . the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted, last alteration in original). Without explicit, on point language in the relevant statute, "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving" the issue. *United States v. Kushmaul*, 984 F.3d 1359, 1363 (11th Cir. 2021).

We turn now to the supervised release arguments, asking whether the District Court committed plain error in imposing a life term and the computer and internet access conditions.

### III.

### *A.*

Delaosa's opening brief says nothing in support of an argument that the life term of supervised release is challengeable as procedurally unreasonable, and we find nothing in the record that would support one. We turn then to the substantively unreasonableness argument. We consider whether the life term of supervised release is "substantively unreasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors." *United States v. Johnson*, 803 F.3d 610, 618 (11th Cir. 2015); *accord Trailer*, 827 F.3d at 936. We conclude that it is not.

Delaosa faced a statutory term of five years to life of supervised release. 18 U.S.C. § 3583(k). The guidelines range was a term of life. U.S.S.G. § 5D1.2(b) & (c). As we noted in *United States v. Pugh*, the legislative history surrounding the enactment of § 3583(k) "reveals that Congress and the Sentencing Commission intended to impose life terms of supervised release on sex offenders. Congress explicitly recognized the high rate of recidivism in convicted sex offenders." 515 F.3d 1179, 1199 (11th Cir. 2008) (internal quotations omitted). Consistent with that intent, the Sentencing Guidelines recommend that district courts impose a life term of supervised release in cases like the present one. U.S.S.G. § 5D1.2(b) (Policy Statement); *Pugh*, 515 F.3d at 1199.

The facts before the District Court revealed that for more than eight years prior to his arrest, Delaosa deceived minors into

performing sexual acts that he video recorded, and he did so via abhorrent practices. Delaosa also possessed and distributed a significant amount of graphic child pornography. Relevantly to substantive reasonableness, the District Court forewent imposing a prison sentence that would protect minors from Delaosa by incapacitating him for life and instead sentenced him to a term of imprisonment that will likely result in him being released from prison when he is in his late 50s or early 60s. Once released from prison, Delaosa will be on supervised release for life, but he would be at liberty to seek a modification of the term with the right of appellate review if unsuccessful, thus placing his sentence far from what substantive reasonableness would allow. *Trailer*, 827 F.3d at 937–38.

In sum, the District Court did not err, much less plainly err, in imposing a life term for Delaosa's supervised release. We turn now to Delaosa's argument that *Packingham* barred the Court from restricting his access to computers and the internet as it did.

### B.

In *Packingham*, the Supreme Court held that registered sex offenders who have finished serving their sentences may not be barred from accessing the internet as a condition of their sex offender registration. *Packingham*, 137 S. Ct. at 1737–38. In *United States v. Bobal*, however, we held that a district court does not plainly err when it sentences a defendant to a life term of supervised release with a special condition limiting internet access if the defendant may access the internet with prior permission from the district court. 981 F.3d 971, 977-78 (11th Cir. 2020) (noting that

*Packingham* was distinguishable and did not address whether such a condition violates the First Amendment).

That point aside, Delaosa's *Packingham*-based argument fails due to our prior panel precedent rule. We have upheld conditions prohibiting defendants convicted of sex offenses from accessing a computer or the internet for the duration of their supervised release. *United States v. Carpenter*, 803 F.3d 1224, 1239 (11th Cir. 2015). Although the Supreme Court has subsequently held that sex offenders who have completed their sentences cannot be barred from accessing the internet, we have since held that a district court does not plainly err when it sentences a defendant to a life term of supervised release with a special condition limiting internet access if the defendant may access the internet with prior permission from the district court. *Bobal*, 981 F.3d at 977–78. Therefore, as *Bobal* has not been abrogated or overruled by this Court sitting en banc or by the Supreme Court, we are bound to apply it. *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998). Since the conditions of Delaosa's supervised release allow him to access the internet with the District Court's permission, we affirm the challenged conditions of supervised release.

## IV.

We review *de novo* whether a fine is excessive, in violation of the Eighth Amendment's Excessive Fines Clause. *See United States v. Seher*, 562 F.3d 1344, 1370 (11th Cir. 2009) (reviewing Eighth Amendment challenge to forfeiture order).

The Eighth Amendment states that no excessive fines shall be imposed. U.S. Const. amend. VIII. A fine is constitutionally excessive fine "if it is grossly disproportional to the gravity of a defendant's offense." *See Seher*, 562 F.3d at 1371 (quotation marks omitted). To determine whether a fine is grossly disproportional to the defendant's offense, we consider: (1) whether the defendant is in the class of persons at whom the criminal statute was primarily directed; (2) what other penalties were authorized for the offense by the legislature or the Sentencing Commission; and (3) the harm caused by the defendant. *United States v. Sperrazza*, 804 F.3d 1113, 1127 (11th Cir. 2015) (reviewing forfeiture order). We strongly presume that a fine within the range of fines allowed by Congress for the offense is constitutional. *Seher*, 562 F.3d at 1371.

Whether a fine is excessive is determined in relation to the characteristics of the offense, not the characteristics of the offender. *United States v. Bajakajian*, 524 U.S. 321, 334, 118 S. Ct. 2028, 2036 (1998) (reviewing forfeiture order). In determining whether a fine is excessive by conducting the three-pronged proportionality analysis, we do not consider the impact the fine would have on an individual defendant. *Seher*, 562 F.3d at 1371.

We have remanded for resentencing a case where the district court imposed a fine more than three times the maximum fine in the guideline fine range and in opposition to the presentence investigation report's recommendation that the defendant was unable to pay a fine without providing any reasoned basis or explanation of why the report's conclusion was incorrect. *United States v.*

*Gonzalez*, 541 F.3d 1250, 1256–57 (11th Cir. 2008) (vacating and remanding to the district court because the fine imposed was not supported by the record).

The maximum fine for offenses alleged in Counts One through Three and Count Five was $250,000 each. 18 U.S.C. §§ 1470, 2251, 2252A; *see* 18 U.S.C. § 3571(a). The District Court did not err when it fined Delaosa $100,000 for two reasons. First, his offense conduct spanned several years, from 2012 to 2021, and involved multiple victims. Second, the $100,000 fine was within the statutory range and is presumptively not excessive under the Eighth Amendment. *Seher*, 562 F.3d at 1371.

For the foregoing reasons, the sentence imposed by the District Court is

**AFFIRMED.**