[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11530

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT JAMES BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:20-cr-10012-KMM-1

_____

Before NEWSOM, GRANT, and LAGOA, Circuit Judges

PER CURIAM:

Robert James Brown appeals his sentence of 180 months' imprisonment for failing to register as a sex offender and receiving child pornography. Brown argues that the district court erred in imposing a statutory minimum sentence of 180 months because it erroneously concluded that his 2018 Colorado conviction for unlawful sexual contact "relat[ed] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" within the meaning of 18 U.S.C. § 2252(b)(1). After careful review, we affirm Brown's sentence.

## I.

A grand jury returned a five-count indictment charging Brown with (1) failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (Count 1); (2) possessing child pornography, in violation 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Count 2); and (3) receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Counts 3, 4, and 5). Brown pled guilty to Counts 1 and 3.

Brown agreed that the government would have been able to prove the following facts beyond a reasonable doubt at trial. On August 11, 2020, law enforcement officers executed a search warrant on Brown's boat in Key West, Florida. Forensic analysis of his cell phone revealed that Brown had approximately 20,000 images of child pornography and had downloaded at least 100 videos of child pornography on his cell phone. Brown agreed that he knew

at least one person in each image or video was a minor. Brown also agreed that he was convicted in Colorado of "Unlawful Sexual Contact, without consent," in violation of Colorado Revised Statute § 18-3-404(4). Finally, Brown agreed that, in 2019, he completed a sexual offender registration form, acknowledging his duty to register as a sex offender, but failed to register as a sex offender. An arrest warrant was issued for Brown in Colorado, but he moved to Florida and again failed to register as a sex offender there.

Pursuant to the plea agreement, Brown acknowledged that the district court may impose a statutory maximum term of imprisonment of up to ten years as to Count 1 and that the district court must impose a minimum term of imprisonment of five years and may impose a maximum term of imprisonment of up to twenty years as to Count 3. Brown also acknowledged that, if the district court found that Brown had a prior conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . , then the Court must impose a minimum term of imprisonment of fifteen (15) years and may impose a statutory maximum term of imprisonment of up to forty (40) years, followed by a term of supervised release of up to 5 years."

Before sentencing, a probation officer prepared a presentence investigation report ("PSI"). Pursuant to U.S.S.G. § 2G2.2(a)(2), the PSI assigned Brown a base offense level of 22. Because Brown did not intend to traffic in or distribute child pornography, the offense level was decreased by two. The age of the minors depicted, the fact that the material portrayed the abuse of

an infant or toddler, the use of a computer, and the fact that the offense involved 600 or more images all increased the base offense level, in total, by thirteen. The offense level was decreased by three because of Brown's acceptance of responsibility and his assistance of authorities in his own investigation. The total offense level was 30. Because of Brown's prior conviction in Colorado for unlawful sexual conduct, the PSI also concluded that the mandatory minimum sentence for Count 3 was 15 years' imprisonment pursuant to 18 U.S.C. § 2252(b)(1).

Brown objected to the PSI's calculation of the mandatory minimum 15-year sentence. Brown argued that because the least culpable conduct criminalized by Colorado Revised Statute § 18-3-404 does not qualify as a predicate offense under 18 U.S.C. § 2252(b)(1), the mandatory minimum 15-year sentence does not apply. Brown contended that the categorical approach, pursuant to which courts look only at the elements of the statute under which the defendant was convicted and not at the facts underlying the prior conviction, was appropriate. Brown, however, acknowledged that this Court had held that when generic offenses are "non-traditional," they are defined based on their "ordinary, contemporary, and common meaning." The government responded that the conduct prohibited by the Colorado statute falls well within the meaning of "sexual abuse" under § 2252(b)(1).

At sentencing, Brown repeated his objections to the enhancement and argued that "the least conduct which violates the Colorado statute is not conduct which is proscribed by the federal

statutes." The district court determined that, "even under the categorical approach," the prior conviction qualified for the enhancement. The district court also stated that it would take the conviction into account "regardless of the guideline calculation, and [would] consider it in imposing what the [c]ourt would consider a reasonable sentence under the circumstances and would impose the same sentence regardless." The government sought an upward variance, asking for a 25-year sentence because of the number of images on Brown's cell phone and the fact that he ignored his obligation to register as a sex offender. The district court denied that request, noting that the 15-year enhancement takes into consideration all the sentencing factors "and then some."

The district court then imposed a term of 180-months' imprisonment, and Brown again objected to the applicability of the enhanced mandatory minimum. In response, the district court noted that "the [c]ourt sentence imposed today is both pursuant to the guideline calculation, as well as a reasonable sentence post-Booker; that the [c]ourt would have had to impose the same sentence, in any event."

Brown timely appealed his sentence.

## II.

We review de novo whether a prior conviction triggers a statutory sentencing enhancement. *United States v. Miller*, 819 F.3d 1314, 1316 (11th Cir. 2016).

## III.

On appeal, Brown argues that the district court erred in imposing a 15-year mandatory minimum sentence pursuant to 18 U.S.C. § 2252(b)(1).  Brown contends that the Colorado statute prohibiting unlawful sexual contact without consent does not qualify as a predicate for the enhancement.  Brown argues that the Colorado statute is not a predicate offense because it neither requires that the victim be a minor or a ward nor "relat[es] to" aggravated sexual abuse or sexual abuse."  Because the federal crimes of "aggravated sexual abuse" and "sexual abuse" require force, a threat, or an incapacitated victim, and Brown's Colorado conviction does not, Brown argues that his conviction does not qualify as "sexual abuse."

Any person who knowingly receives or distributes child pornography is ordinarily subject to at least five years' imprisonment and a maximum possible sentence of 20 years' imprisonment.  18 U.S.C. § 2252(a)(2), (b)(1).  But the mandatory minimum increases to fifteen years' imprisonment and the maximum increases to 40 years' imprisonment if the defendant "has a prior conviction. . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."  18 U.S.C. § 2252 (b)(1).

To determine whether a state conviction qualifies as a predicate offense for a sentencing enhancement, federal courts use the "categorical approach."  *United States v. Kushmaul*, 984 F.3d 1359, 1364 (11th Cir. 2021).  Under this approach, a court compares the

22-11530          Opinion of the Court          7

elements of the state conviction with the generic offenses mentioned in the sentence enhancing statute. *Id.* If the "least culpable conduct" that could result in a conviction under the state law meets the enhancement requirements, then the enhanced sentence is imposed. *Id.* "If the generic offenses are non-traditional—that is, crimes not developed in the common law—they are defined based on their 'ordinary, contemporary, and common meaning.'" *Id.* (quoting *United States v. Ramirez-Garcia*, 646 F.3d 778, 783 (11th Cir. 2011)). We have interpreted "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor or ward" as non-traditional generic offenses and used their common meaning. *Id.* at 1365. We have held that the common meanings need not be identical to federal crimes. *Miller*, 819 F.3d at 1317 (reasoning that the functionally identical language of 18 U.S.C. § 2251(e) requires only that the state offenses "relat[e] to" sexual abuse).

As to the phrase "involving a minor or ward," in *Lockhart v. United States*, 577 U.S. 347 (2016), the Supreme Court decided whether the modifier "involving a minor or ward" attached to each term or only "abusive sexual conduct." *Id.* at 350–51. The Court held that the modifier attached only to "abusive sexual conduct" because of the last antecedent canon. *Id.* at 351–52. This, the Court reasoned, was "confirmed by the structure and internal logic" of the statute because "aggravated sexual abuse," "sexual abuse," and "abusive sexual contact involving a minor or ward" mirror the titles of separate federal crimes, suggesting that Congress intended each term to be a separate unit. *Id.* at 351–54. The Court, however, "[took] no position . . . on the meaning of the

terms 'aggravated sexual abuse,' 'sexual abuse,' and 'abusive sexual conduct'" within the statute. *Id.* at 356.

In *United States v. Padilla-Reyes*, 247 F.3d 1158 (11th Cir. 2001), we held that the common meaning of "sexual abuse" is "a perpetrator's physical or nonphysical misuse or maltreatment . . . for a purpose associated with sexual gratification." *Id.* at 1163. We have also applied the same "plain meaning" of "sexual abuse" to 18 U.S.C. § 2251(e), which has a functionally identical sentencing enhancement as § 2252(b)(1). *United States v. Mathis*, 767 F.3d 1264, 1285 (11th Cir. 2014), *abrogated on other grounds by Lockhart*, 577 U.S. 347.

At the time of Brown's conviction, in Colorado, "[a]ny actor who knowingly subjects a victim to any sexual contact commits unlawful sexual contact if: [t]he actor knows that the victim does not consent." Colo. Rev. Stat. § 18-3-404(4)(a) (2013). In turn, "sexual contact" was defined, in relevant part, as:

> the knowing touching of a victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact is for the purposes of sexual arousal, gratification, or abuse.

Colo. Rev. Stat. § 18-3-401(4)(a) (2013). The statute that Brown violated thus prohibits physical conduct done for sexual gratification and without consent. *See* <u>id.</u> §§ 18-3-404(4); 18-3-401(4)(a). And in *Miller*, we interpreted the phrase "relating to" "broadly in the context of child exploitation offenses." 819 F.3d at 1317. We thus

conclude that Brown's Colorado conviction for unlawful sexual contact does "relat[e] to . . . sexual abuse" based on the "ordinary, contemporary, and common meaning" of the statutory words. *See Kushmaul*, 984 F.3d at 1364.

As to Brown's argument that such a conclusion is foreclosed by the Supreme Court's decision in *Lockhart*, he is mistaken. The Court in that case expressly took no position on the meaning of "sexual abuse." *Lockhart*, 577 U.S. at 356. And as to Brown's argument that his conviction does not qualify as a predicate because the Colorado statute does not require the victim to be a "minor or ward," the *Lockhart* decision forecloses that argument. *Id.* at 351–52 (holding that the phrase "minor or ward" only attached to "abusive sexual conduct," and not to "aggravated sexual abuse" or "sexual abuse"). Knowingly making sexual contact with a nonconsenting victim is related to "sexual abuse," and holding otherwise would contort the language of both the Colorado statute and § 2252. Thus, we conclude that Brown's Colorado conviction qualified for the enhanced 15-year minimum sentence and that the district court did not err.

But even if the district court did err in applying the statutory enhancement, we conclude that such error would be harmless because the district court stated that it would find the same 180-month sentence reasonable even without the enhancement and would have "impose[d] the same sentence regardless." Indeed, the error complained of did not impact Brown's sentence, as the enhancement did not affect Brown's "substantial rights." *See United*

*States v. Hernandez*, 160 F.3d 661, 670 (11th Cir. 1998) ("To find harmless error, we must determine that the error did not affect the substantial rights of the parties." (citing Fed. R. Crim. P. 52)). Therefore, because the sentence was reasonable in either event, we would still affirm.

## IV.

For these reasons, we affirm the district court's sentence.

**AFFIRMED.**