[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11780

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TRACY LEONARD WHITFIELD,
a.k.a. Bootney,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:91-cr-14025-DLG-3

_____

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

Tracy Whitfield, proceeding pro se, appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the court erred in finding that he failed to exhaust administrative remedies and present extraordinary and compelling reasons. In his motion in the district court, he argued that his underlying medical conditions and COVID-19 qualified as extraordinary and compelling reasons for relief. On appeal, he concedes that the court did not err in denying relief based on those reasons. However, he argues that the recent statutory changes to sentence stacking for 18 U.S.C. § 924(c) convictions qualified as extraordinary and compelling reasons, which he alleged solely in reply below. The government moved for summary affirmance, arguing that the court properly denied the motion because Whitfield failed to exhaust his administrative remedies and did not allege extraordinary and compelling reasons. It also moved to stay the briefing schedule.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that

there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

Where a defendant does not offer any argument regarding an issue on appeal, he is deemed to have forfeited that issue. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc). Courts do not address arguments raised for the first time in reply. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

We review for plain error issues not timely raised in the district court. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Plain error occurs where "(1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *United States v. Hall*, 314 F.3d 565, 565 (11th Cir. 2002). Without explicit, on-point language in the relevant statute, "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving" the issue. *United States v. Kushmaul*, 984 F.3d 1359, 1363 (11th Cir. 2021) (quotation marks omitted).

District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Bryant*, 996 F. 3d 1243, 1251 (11th

---

[1] We are bound by decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Cir. 2021).  The First Step Act[2] amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  We have held that the exhaustion requirement is not jurisdictional and is instead a claim-processing rule.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

A district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release.  *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021) (per curiam).

When the district court ruled on Whitfield's motion—May 8, 2023—the commentary to U.S.S.G. § 1B1.13 outlined as extraordinary and compelling reasons a defendant's medical, age, and family circumstances.  *See* U.S.S.G. § 1B1.13, comment. (n.1(A)-(C)) (U.S. Sent'g Comm'n 2021).  The commentary also authorized relief for "other reasons," which we held, in *Bryant*, must be determined by BOP.  996 F.3d at 1262–65; *see also* U.S.S.G. § 1B1.13, comment. n.1(D) (U.S. Sent'g Comm'n 2021).  However, on November 1, 2023, the Sentencing Commission amended § 1B1.13 to

---

[2] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

add, among other things, a new extraordinary and compelling reason for "unusually long sentence[s]," which includes instances where "a change in the law . . . would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6) (U.S. Sent'g Comm'n 2023).[3]

We conclude that summary affirmance is warranted here because the government's position is clearly correct as a matter of law. *Groendyke Transp., Inc.*, 406 F.2d at 1162. In the district court, Whitfield's motion was premised on his underlying medical conditions and COVID-19. However, on appeal, Whitfield has abandoned any challenge to that, and, in any event, the court correctly found that he failed to exhaust his administrative remedies as to that claim. *Campbell*, 26 F.4th at 873; 18 U.S.C. § 3582(c)(1)(A). As to the argument raised in his brief on appeal, while exhausted, he did not properly present that to the district court as it was presented solely in his reply in support of his motion and not addressed by the district court below. *See Timson*, 518 F.3d at 874. Therefore, we address his arguments as to the stacking provisions only for plain error. *Rodriguez*, 398 F.3d at 1298. In that regard, the government's position is correct as a matter of law because any error was not plain. *Groendyke Transp., Inc.*, 406 F.2d at 1162. Specifically, no binding decisions have held that the provision applies retroactively,

---

[3] U.S. Sentencing Commission, Adopted Amendments (Effective November 1, 2023), https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023.

and based on the version of the Guidelines in effect at the time of the motion and district court order, *Bryant* precluded relief. *Kushmaul*, 984 F.3d at 1363; *Bryant*, 996 F.3d at 1262–65.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance.

**AFFIRMED.**