[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13796

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MEGAIL THIRKIELD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:23-cr-00008-CDL-MSH-1

_____

Before LUCK, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Megail Thirkield was convicted of possessing a firearm as a felon and sentenced to 210 months' imprisonment. He appeals both his conviction and sentence. After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In June 2022, Thirkield had multiple outstanding warrants for domestic violence. Sheriff's deputies located him while walking into a home. The homeowner consented to a search, and the deputies found and arrested Thirkield. A search incident to his arrest revealed that he was carrying a pistol with several rounds of ammunition. Following his arrest, he was indicted on one count of possessing a firearm as a felon, in violation of 18 U.S.C. section 922(g)(1). He pleaded guilty in July 2023.

To calculate a recommended sentence, the probation office determined that two sentence enhancements applied based on Thirkield's prior convictions, which included three convictions for possession of marijuana with an intent to distribute in violation of Georgia Code section 16-13-30(j). First, the probation office explained that his base offense level increased to twenty-six because his prior marijuana convictions were "controlled substance offense[s]" under the guidelines. *See* U.S.S.G. § 2K2.1(a)(1). Second, the probation office determined that Thirkield was an armed career criminal because his prior marijuana convictions were "serious drug offenses" under the Armed Career Criminal Act. *See* 18 U.S.C.

§ 924(e). Based on that status, his offense level increased to thirty-three. U.S.S.G. § 4B1.4(b)(3)(B). Because the armed career criminal enhancement carried the greater offense level, the probation office used thirty-three as his offense level. *See id.* § 4B.1.4(b). Further, Thirkield's armed career criminal status increased his minimum sentence from zero to fifteen years' imprisonment and his maximum sentence from fifteen years to life imprisonment. *Compare* 18 U.S.C. § 924(a)(8) *with* 18 U.S.C § 924(e). Taking Thirkield's armed career criminal status and criminal history into account, the probation office recommended a guideline range of 180 to 210 months' imprisonment.

Thirkield objected to both sentencing enhancements, arguing that his marijuana convictions were neither "controlled substance offense[s]" under the guidelines, *see* U.S.S.G. § 2K.2.1(a)(1), nor "serious drug offense[s]" under the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e).

The district court overruled his objections, concluded that Thirkield was an armed career criminal, and sentenced Thirkield to 210 months' imprisonment. Thirkield appeals both his conviction and sentence.

## DISCUSSION

Thirkield appeals both his conviction and sentence. We address his challenge to his conviction first and then his challenge to his sentence.

*Constitutional Challenge to His Section 922(g)(1) Conviction*

Thirkield challenges his felon in possession of a firearm conviction, arguing that section 922(g)(1) violates the Second Amendment. This argument fails under our precedent.

We are bound to apply prior panel precedent "unless and until it is overruled or undermined to the point of abrogation by the United States Supreme Court or this court sitting en banc." *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (emphasis omitted). As relevant here, we concluded, in *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010), that section 922(g)(1) does not violate the Second Amendment. Later, in *United States v. Dubois*, 94 F.4th 1284, 1291–93 (11th Cir. 2024), we concluded that the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022) did not affect, much less abrogate, *Rozier*.

And while the Supreme Court sent *Dubois* back to us to consider whether *United States v. Rahimi*, 602 U.S. 680 (2024) affected our decision in *Rozier*, *see United States v. Dubois*, 145 S. Ct. 1041 (2025), we concluded that it did not. *See United States v. Dubois*, 139 F.4th 887, 893–94 (11th Cir. 2025). So we reinstated our original decision. *See id*. at 894. Because *Dubois* and *Rozier* remain binding, we must conclude section 922(g)(1) does not facially violate the Second Amendment. *See In re Lambrix*, 776 F.3d at 794.

Alternatively, Thirkield argues that section 922(g)(1) as applied to him violated the Second Amendment because there has not been a historical tradition of disarming criminals similar to him. But this argument was not raised in the district court. So, we must

review his conviction only for plain error. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). Because Thirkield has not cited, and we have not found, a case from "this [c]ourt or the Supreme Court" sustaining an as-applied Second Amendment challenge to a section 922(g)(1) conviction, much less in a case involving a criminal defendant with a similar background, we uphold Thirkield's conviction. *See United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013).

Pushing back on that conclusion, Thirkield argues that plain-error review doesn't apply here because a constitutional challenge to a criminal statute is jurisdictional, citing *Class v. United States*, 583 U.S. 174, 176 (2018). But *Class* doesn't support that assertion.

In that case, the defendant moved to dismiss the charges against him, arguing that the criminal statute violated the constitution. *Id*. He then pleaded guilty and later tried to appeal his conviction based on the previously raised constitutional challenge. *Id*. The court of appeals affirmed his conviction, explaining that he waived his constitutional challenge by pleading guilty. *Id*. at 178. The Supreme Court reversed, concluding that a "guilty plea by itself does not bar" a constitutional challenge to a criminal statute on appeal. *Id*. at 176. But that doesn't mean an unpreserved constitutional challenge avoids plain-error review. *Cf. United States v. Turner*, 124 F.4th 69, 75–78 (1st Cir. 2024) (concluding *Class* didn't preclude an unpreserved constitutional challenge from being waived); *id*. at 78 ("*Class* does not . . . hold as a general matter that defendants are entitled to appellate review of constitutional claims,

no matter their procedural missteps.").  Because our precedent concludes otherwise and *Class* didn't affect our precedent, we apply plain-error review and affirm Thirkield's conviction.  *Wright*, 607 F.3d at 715 (explaining that we review an unpreserved constitutional challenge to a criminal statute for plain error); *United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005) (same); *see also United States v. Valois*, 915 F.3d 717, 729 n.7 (11th Cir. 2019) (same) (citing *Wright*, 607 F.3d at 715).

*Challenge to His Armed Career Criminal Status*

Next, Thirkield challenges his 210 months' imprisonment sentence, arguing that the district court erred in concluding that he was an armed career criminal.  Specifically, he contends that his previous marijuana convictions do not qualify as "serious drug offense[s]" under the Armed Career Criminal Act because the definition of marijuana under Georgia law is broader than the federal definition.  We disagree.[1]

---

[1] As he did in the district court, Thirkield also argues that his marijuana convictions were not "controlled substance offense[s]" under the guidelines, so he was ineligible for the enhancement that increased his offense level to twenty-six. *See* U.S.S.G. § 2K.21(a)(1).  However, as he conceded in the district court, that enhancement did not affect his sentence because his armed career criminal status independently increased his offense level to thirty-three. *See* U.S.S.G. § 4B1.4(b).  Because we affirm his armed career criminal status, we need not address his arguments about an alleged guidelines error. *See United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) ("[I]t is not necessary to decide guidelines issues . . . where the guidelines error, if any, did not affect the sentence." (quotation omitted)).

We review "a district court's determination that a state conviction is a 'serious drug offense' under" the Armed Career Criminal Act de novo. *United States v. Miles*, 75 F.4th 1213, 1219 (11th Cir. 2023) (citation omitted). Under the Armed Career Criminal Act, if the defendant is convicted of violating section 922(g) and "has three previous convictions" for "serious drug offense[s]" committed on different occasions, then the defendant is deemed an armed career criminal under the Act and is subject to steeper penalties. *See* 18 U.S.C. § 924(e)(1). A "serious drug offense" includes "an offense under [s]tate law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. [§] 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).

To determine whether a defendant's state court conviction qualifies as a "serious drug offense," we "apply the 'categorical approach,' meaning we look only to the elements of the statute under which the defendant was convicted and not at the facts underlying the prior conviction." *United States v. Laines*, 69 F.4th 1221, 1233 (11th Cir. 2023) (quoting *United States v. Kushmaul*, 984 F.3d 1359, 1364 (11th Cir. 2021)). Under this approach, "[w]e presume that the prior conviction rested upon nothing more than the least of the acts criminalized." *Id.* (quotation omitted). Thus, "the least culpable conduct prohibited under the state law must qualify as a predicate offense [under the Act], and all the controlled substances covered by the state law must also be controlled substances under

federal law." *Id.* "[W]e analyze the version of state law that the defendant was actually convicted of violating" and the version of federal law at the time of the defendant's state law convictions. *United States v. Jackson*, 55 F.4th 846, 850, 854 (11th Cir. 2022) (quotation omitted), *aff'd*, *United States v. Brown*, 602 U.S. 101, 123 (2024) ("[W]e hold that a state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules at the time of that offense.").

Here, Thirkield has three prior convictions—one in 2011 and two in 2017—for possessing marijuana with an intent to distribute, in violation of Georgia Code section 16-13-30(j) (2011, 2017). First, as Thirkield essentially concedes, section 16-13-30(j) criminalizes the same conduct as predicate offenses under the Armed Career Criminal Act. *Compare* Ga. Code Ann. § 16-13-30(j), *with* 18 U.S.C. § 924(e)(2)(A)(ii). Second, Georgia's definition of marijuana matched federal law's definition of marijuana at the time of his prior convictions. For instance, Georgia defined "marijuana" as "all parts of the plant of the genus Cannabis, whether growing or not, the seeds thereof, the resin extracted from any part of such plant, and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin." Ga. Code. Ann. § 16-13-21(16) (2011, 2017). Georgia's definition excluded (among other things), "completely defoliated stalks of such plant[s]." *Id.* Similarly, federal law defined marijuana as: "all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation

of such plant, its seeds or resin." 21 U.S.C. § 802(16) (2011, 2017). And federal law similarly excluded "the mature stalks of such plant[s]." *Id.* § 802(16) (2011, 2017). Accordingly, Thirkield's three marijuana possession convictions—which carried a maximum sentence of ten years' imprisonment, *see* Ga. Code § 16-13-30(j)(2)— were "serious drug offense[s]" under the Armed Career Criminal Act. 18 U.S.C. § 924(e). And the district court did not err in sentencing him as an armed career criminal.

Pushing back on that conclusion, Thirkield points to three differences in those definitions that make the Georgia definition categorically broader than the federal one. None of them result in disqualifying his marijuana convictions.

First, Thirkield contends that Georgia's definition was broader because it included the entire "genus Cannabis," *see* Ga. Code Ann. § 16-13-21(16) (2011, 2017), while the federal definition only included the species of "Cannabis sativa L." *See* 21 U.S.C. § 802(16) (2011, 2017). However, we have interpreted the federal definition to include not just the species "Cannabis sativa L.," but all species of marijuana. *See United States v. Gaines*, 489 F.2d 690 (5th Cir. 1974) (rejecting the defense that section 802(16)'s definition of marijuana only covered the species "Cannabis sativa L." and not the other species of Cannabis); *United States v. Maskeny*, 609 F.2d 183, 188 (5th Cir. 1980) (same). So, Georgia's definition is not broader on this basis.

Second, Thirkield argues that Georgia's definition is broader because it excluded "completely defoliated stalks," *see* Ga. Code

Ann. § 16-13-21(16) (2011, 2017), whereas the federal definition only excludes "mature stalks." *See* 18 U.S.C. § 802(16)(B) (2011, 2017). Under his view, partially defoliated stalks—that is, stalks with some leaves still attached—fall inside Georgia's definition but outside the federal definition. That's wrong. The federal definition includes "all parts of the plant" except for "mature stalks." *See id.* Undoubtedly, marijuana leaves fall into that definition. *See id.* Thus, possessing partially defoliated stalks would fall into that definition because one can't possess the partially defoliated stalk without the leaves. *See id.* So, Georgia's definition is not broader on this basis either.

Last, Thirkield argues that Georgia's definition is broader because it includes hemp, *see* Ga. Code Ann. § 16-13-21(16) (2011, 2017), whereas the *current* federal definition excludes hemp. *See* 21 U.S.C. § 802(16)(B) (2024). But our decision in *Jackson*, and the Supreme Court's affirmance of that decision in *Brown*, forecloses this argument. *See Brown*, 602 U.S. at 123; *Jackson*, 55 F.4th at 854. Based on those cases, it is now settled that federal law at the time of the state law conviction applies when analyzing whether a prior state conviction was a serious drug offense. *See Brown*, 602 U.S. at 123; *Jackson*, 55 F.4th at 854. At the time of Thirkield's convictions in 2011 and 2017, the federal definition of marijuana did not exclude hemp. 18 U.S.C. § 802(16) (2011, 2017). That exclusion was not added until 2018. *See* Agriculture Improvement Act, Pub. L. 115-334, 132 Stat. 4490 (2018). So, at all relevant times, Georgia's definition of marijuana was not broader than the federal definition.

**AFFIRMED.**